[Scott v. The State.]

# Scott *v.* The State.

*Indictment for Burglary.*

1. *Organization of grand jury; objections to indictment, for defects or irregularities therein.*—In the completion and organization of the grand jury, when the number of persons originally drawn and summoned is from any cause reduced below fifteen, it is the duty of the court, by an order entered on the minutes, to direct the sheriff to summon twice the number of persons necessary to supply the deficiency, and to require them to be summoned, like the original *venire*, not from the registered voters of the county, but from the list of householders and freeholders (Code, §§ 4754, 4734); and when the record shows a violation of these statutory provisions by the court, a judgment of conviction, under an indictment found by a grand jury so organized, will be reversed on error.

ERROR to the Circuit Court of Perry.

Tried before the Hon. GEO. H. CRAIG.

The indictment in this case was found at a regular term of the late Court of Quarter Sessions of said county, and the cause was transferred, on the abolition of that court, into the Circuit Court. The opinion states the facts shown by the record, as to the organization of the grand jury by which the indictment was found. There was a demurrer to the indictment, but the record does not show the action of the court upon it. The trial was had on issue joined on the plea of not guilty. After conviction, the defendant moved in arrest of judgment, on the ground that the grand jury was not organized according to law, but the motion was overruled. The case is brought to this court on writ of error, awarded by MANNING, J.

KELLY & HOWZE, for the defendants.—The record shows that, in the organization of the grand jury, the court violated express statutory provisions, in two important particulars : 1st, in directing only five persons to be summoned, when at least eight were necessary—that is, twice the number necessary to make up the deficiency ; 2d, in ordering them to be summoned from the list of registered voters, instead of the householders and freeholders.—Code, §§ 4733, 4754. These irregularities, being affirmatively shown by the record, were good matter in arrest of judgment, and they are fatal to a judgment of conviction.—*Brooks v. The State,* 9 Ala. 9; *O'Byrnes v. The State,* 51 Ala. 27; *Finley v. The State,* 61 Ala. 201.

60 .  SUPREME COURT  [Dec. Term,

[Scott v. The State.]

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—A grand jury is a constituent element of a Circuit or City Court, or of a court clothed with criminal jurisdiction; and the statutes confer on particular officers the power and duty of drawing them, from lists of the householders and freeholders of the county. The court, except in particular cases the statute specifies, has no power to originate the jury.—*O'Byrnes v. The State*, 51 Ala. 25; *Finley v. The State*, 61 Ala. 201. It is apparent from the statutes, that the jury shall be composed of not more than eighteen, and not less than fifteen members. The officers charged with the duty are required to draw and select eighteen persons, and a *venire* issues to the sheriff, commanding him to summon them to appear and serve in that capacity, at the next term of the court. If fifteen of them do not appear, or if, from any cause, the number who do appear is reduced below fifteen, "the court must cause an order to be entered on the minutes, commanding the sheriff to summon, from the qualified citizens of the county, twice the number of persons required to complete the grand jury; which order the sheriff must forthwith execute, and the persons summoned are bound to appear presently, and, if necessary, to serve as grand jurors, under the same penalties as if they had been regularly drawn and summoned on the original list of grand jurors for the term; and of the persons so summoned, if a greater number appear than are necessary to complete the grand jury, the names must be written on separate slips of paper, which must be folded or rolled up, so that the name may not be visible, placed in a box, or some substitute therefor, and from them must be drawn, under the direction of the court, a sufficient number of names to complete the grand jury."—Code of 1876, § 4754.

In this case, as appears from the record, eighteen persons were drawn and selected to serve as grand jurors, and a *venire* was issued to the sheriff, commanding him to summon them, which was executed on all but one of them. But fourteen of them appeared, and of these, three were excused and discharged, leaving only eleven of those drawn and selected. The court thereupon made an order, directing the sheriff to summon immediately, "from among the registered voters of the county, having the other qualifications required by the statute, five persons, in order to complete said grand jury." In obedience to the order, the sheriff summoned five persons, who were sworn and impanneled; the court having first ascertained that they, with the persons drawn and sum-

VOL. LXIII.

moned, who had appeared, and were not excused and discharged, had the requisite qualifications.

The court manifestly departed from the statute, in not requiring the sheriff to summon at least eight persons, four being the number necessary to complete the jury to its lowest number. There was, also, a departure, in limiting the sheriff to summoning registered voters, who had the necessary qualifications. Registration as a voter is not a qualification of a juror, grand or petit, and the courts are without power to prescribe it. These departures from the statute vitiate the findings of the body organized as a grand jury.—*O'Byrnes v. The State, supra ; Finley v. The State, supra.*

The judgment of conviction must be reversed, and the cause will be remanded, that the accusation may be quashed ; the prisoner must remain in custody, until discharged by due course of law.