## Parris v. The State.

Cobb, P. J. 1. A juror incompetent propter defectum is made specially competent by the act of the parties in allowing him to serve without challenge, and a verdict will not be set aside for such cause. *Jordan* v. *State,* 119 *Ga.* 443.

2. The provisions of Penal Code, § 811, declaring that certain county officers shall be incompetent to serve as grand jurors during their respective terms of office, create a disqualification propter defectum.

3. A grand juror disqualified propter defectum must be challenged by the accused before the finding of the indictment, unless it appears that he did not have full notice or opportunity to make the challenge at that time. *Folds* v. *State,* 123 *Ga.* 167 (2).

4. When the accused seeks, after the finding of the indictment, to raise the objection that one of the grand jurors was disqualified propter defectum, it is incumbent upon him to show that he did not have an opportunity to raise the objection before the indictment was found. *Lascelles* v. *State,* 90 *Ga.* 372 (3); *Edwards* v. *State,* 121 *Ga.* 591 (2); *Simpson* v. *State,* 110 *Ga.* 249.

5. When the accused has been arrested upon a warrant charging him with an offense, and has been committed to await the action of the grand jury or has given bond for his appearance, he is apprised of the fact that his case will undergo investigation, and it is incumbent upon him to raise objections to the competency of the grand jurors before they find an indictment against him. *Turner* v. *State,* 78 *Ga.* 174 (1); *Fisher* v. *State,* 93 *Ga.* 309 (1).

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted May 21,—Decided July 3, 1906.

Indictment for assault and battery. Before Judge Wright. Chattooga superior court. March 28, 1906.

*C. D. Rivers,* for plaintiff in error.

*W. H. Ennis, solicitor-general,* and *W. B. Shaw,* contra.