## TUCKER *v.* THE STATE.

LUMPKIN, J. 1. After the passage of an act of the legislature changing the time for holding the superior court in a certain county, court was held at the time formerly fixed therefor. Grand jurors were drawn to serve at the next regular term, and at such succeeding term a grand jury was impaneled which was composed of a number of grand jurors thus drawn and talesmen summoned to complete the panel. *Held*, that a person accused of murder, and who was in jail awaiting indictment, but made no objection to the grand jury until after they had found an indictment against him and he had been put upon trial thereunder, could not have the indictment quashed by a plea in abatement because of the illegality of the time when the term of court was held at which the grand jurors were drawn; and this is true although the plea in abatement was interposed before pleading to the merits, and the attorney for the accused stated that he had not been employed until after the indictment had been found, and that he and his client did not know of the irregularity until after it had been so found. *Turner* v. *State*, 78 *Ga.* 174; *Lascelles* v. *State*, 90 *Ga.* 347, 372 (16 S. E. 945, 35 Am. St. R. 216); *Folds* v. *State*, 123 *Ga.* 167 (51 S. E. 305); *Parris* v. *State*, 125 *Ga.* 777 (54 S. E. 751).

2. In *Finnegan* v. *State*, 57 *Ga.* 427, no question seems to have been made as to the time when the objection should have been raised. The decision was also rendered by two Judges, with a strong dissenting opinion by the Chief Justice. If the opinion of the majority of the court in that case should be followed, rather than the dissenting opinion, so far as the ruling went, it does not control this case. Moreover, the reasoning of the dissenting opinion has been followed in later cases. *Williams* v. *State*, 69 *Ga.* 11 (5 c), 27; *Lee* v. *State*, Id. 705; *Roby* v. *State*, 74 *Ga.* 812.

3. The evidence was sufficient to support the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*

AUGUST 13, 1910.

Indictment for murder. Before Judge Seabrook. Liberty superior court. April 6, 1910.

*H. H. Elders,* for plaintiff in error. *John C. Hart, attorney-general,* and *N. J. Norman, solicitor-general,* contra.