### 2913.  BROWN *v.* THE STATE.

### 2914.  TUCKER *v.* THE STATE.

1. A plea in abatement, alleging illegality in the method by which the grand jury which returned the indictment against the accused was drawn, is not sustained where the evidence does not disclose that the accused did not have opportunity to raise the objection before the indictment was found.

2. The court does not err in refusing to give in charge a written request to charge, not adjusted to the evidence or to the defendant's statement to the jury.

DECIDED OCTOBER 14, 1910.

Indictment for assault and battery; from Irwin superior court —Judge Whipple. June 20, 1910.

*W. M. Rogers, H. E. Oxford, T. L. Griner, H. J. Quincey,* for plaintiff in error.

*W. F. George, solicitor-general,* contra.

POWELL, J. 1. The proposition stated in the first headnote is fully sustained by *Tucker* v. *State,* 135 *Ga.* (68 S. E. 786), and *Parris* v. *State,* 125 *Ga.* 777 (4), (54 S. E. 751).

2. The only other special ground presented in the case is that the court refused to give in charge a written request as follows: "A person accused of crime, and knowing that he is liable to be arrested, may, nevertheless, resist with such force as may be necessary an unlawful attempt to commit a crime upon him, even though such an attempt was made by an officer authorized by law to arrest the party; and this is true although the person knew that he was liable to be arrested." In neither of the cases before us does this request appear to be pertinent to any phase of the testimony or of the defendant's statement. The defendants were charged with assault and battery, and it is true that the person assaulted was a policeman, but it nowhere appears that he had accused either Brown or Tucker of any offense, or that they, or either of them, were liable to arrest, or that any attempt to arrest them was made until after the alleged assault and battery was complete.

The evidence authorizes the verdict, and there was no error in overruling the motion for new trial.       *Judgment affirmed.*