### 4543.  BROOKS *v.* THE STATE.

> There was no error in the rulings of the court upon. the demurrer and upon the pleas in abatement, nor in reopening the case for the admission of further evidence as to the venue; but, in view of the fact that the evidence on the trial failed to show any definite date, either for the commencement or the termination of the contract of labor entered into by the accused, and further failed to establish that the defendant was actuated by a fraudulent intent at the time he obtained the advances, the conviction was unauthorized. Furthermore, though the allegation as to the contract, in the indictment, was sufficient, because the term "contract," for purposes of pleading, prima facie imports that the agreement was reduced to writing, still the evidence failed to show any valid contract, because it was uncontradicted that the contract was not in writing and not to be performed within one year.
>
> DECIDED DECEMBER 21, 1912.

Certiorari; from Greene superior court—Judge Walker presiding.  August 19, 1912.

*Noel P. Park,* for plaintiff in error.

*J. E. Pottle, solicitor-general, James Davison,* contra.

RUSSELL, J.  The plaintiff in error was tried before the judge of the county court of Greene county, and adjudged guilty upon an

indictment for violation of the "labor-contract law" of 1903 (Penal Code, § 715). His certiorari was thereafter overruled by the judge of the superior court, and he excepts to the judgment. Before arraignment the accused demurred in the county court and filed two pleas in abatement. The demurrer was upon the grounds, among others, that the indictment did not allege the day, month, or year, during 1909 when his service was to commence, nor for what time in 1909 it was to continue, and also upon the ground that the contract was alleged to have been made on or about the 15th day of October, 1908, and was to continue for the year 1909, and consequently was not to be performed within one year, and, there being no allegation that the contract was in writing, it appeared to be contrary to the statute of frauds and void. It is well settled, of course, that a contract to perform services for another must specify a definite period, and it must appear with sufficient clearness when the services are to begin and when they are to terminate; and for this reason the indictment would perhaps have been demurrable, if it had not appeared that it was entered into in October, 1908; and, from the omission of any allegation that the contract was in parol, it was to be inferred that the contract was in writing. It was to be presumed that the contract, when introduced, would more definitely specify the date designated for the commencement and termination of the services. The other grounds of the demurrer are so palpably without merit that we do not deem it necessary to discuss them.

The court properly found against the pleas in abatement, by which it was contended that certain of the grand jurors who found the indictment were not competent to serve as such. The defendant, having been arrested upon a warrant, had an opportunity to interpose timely objections to any grand jurors who might be disqualified. See *Lascelles* v. *State,* 90 *Ga.* 347 (3), 372 (16 S. E. 945, 35 Am. St. R. 216); *Parris* v. *State,* 125 *Ga.* 777 (4), (54 S. E. 751); *Tucker* v. *State,* 135 *Ga.* 79 (68 S. E. 786); *Brown* v. *State,* 8 *Ga. App.* 397.

Upon the trial it appeared, without contradiction, that the contract was made more than a year before it was to be performed, and was not in writing. It was, therefore, not a valid contract, within the statute of frauds. In addition to this, there was no evidence as to any definite date upon which the services of the

accused were to commence, nor when they were to terminate, nor any evidence which necessarily impelled the conclusion that the accused failed to fulfill his contract. It can not be held, as a matter of common knowledge, that a cropper has to work every day in the springtime, as the days upon which he can or should work are largely determined by the weather and the condition of the soil,—in other words, the season. Furthermore, not even the prosecutor himself testified that the accused refused to do work which was specifically pointed out to him; and while, as related to a cropper, the landlord has the right to direct the mode of cultivation, still, if there is a total absence of direction on the part of the landlord, the cropper would presumably be entitled to use his own judgment as to when and how he worked. The most that can be said of the State's case, in the present instance, is that the prosecutor had advanced or credited his employee with certain money. The testimony does not show it was advanced on the faith of the contract, or that, at the time the advance was made, the attention of the accused was called to the contract, nor does it appear that at the time the money was obtained any fraudulent intent operated upon the mind of the accused. The case is clearly controlled by *Mulkey* v. *State*, 1 *Ga. App.* 521 (57 S. E. 1022), and the conviction of the accused was unauthorized.

There was no error on the part of the court in reopening the case to allow the State to prove the venue; and the judgment is valid though unsigned by the court, for the minutes upon which it was entered appear to have been properly signed.

Except as above indicated, there was no error upon the trial. For failure of evidence of a valid contract, properly executed, as well as for the reason that the proof failed to show fraudulent intent, the certiorari should have been sustained.          *Judgment reversed.*