## 7922.    WEST v. THE STATE.

GEORGE, J. 1. Objection that one of the grand jurors named on the indictment and who returned the indictment was ineligible as a grand juror, because he had served as a grand juror of the court at the term thereof next preceding the finding of the indictment, should have been made by challenge, it affirmatively appearing that the defendant was arrested, gave bond, and was fully apprised of the fact that the grand jury returning the true bill of indictment would investigate the case against him; and this is true whether the grand juror was a regularly drawn juror or was "caught up" by the sheriff under instructions of the court. The disqualification of the grand juror is propter defectum. On being sworn he stood upon the same basis as if he had been regularly drawn. His service became a matter of public record, and of challenge by the defendant in the exercise of due diligence. The plea in abatement, setting up the ground indicated above, was properly overruled. *Folds* v. *State*, 123 *Ga.* 167 (51 S. E. 305); *Edwards* v. *State*, 121 *Ga.* 590 (49 S. E. 674); *Parris* v. *State*, 125 *Ga.* 777 (54 S. E. 751); *Brooks* v. *State*, 12 *Ga. App.* 104 (76 S. E. 765).

2. The sheriff, before the call of the case for trial, remarked that "Bob West [the defendant] was a very good negro, but would gamble or skin," and this remark was made the basis for a motion for continuance of the case, for trial by another jury; whereupon the court ordered the entire panel of jurors to be put upon the voir dire, required the statutory voir dire questions to be propounded to each juror, and in addition inquired of each juror whether he heard the remark of the sheriff, and whether such remark would influence him upon the trial, and especially instructed the jurors that the case should be tried according to the evidence, and not upon the remark of the sheriff. *Held:* The motion was properly overruled. If the motion is considered either as a challenge to the array or to the poll, the timely conduct of the judge, the investigation made by him, and his decision that the jurors were qualified to try the case, were at once proper and correct. Compare *Wells* v. *State*, 102 *Ga.* 658 (29 S. E. 442); *Lewis* v. *State*, 118 *Ga.* 803 (45 S. E. 602); *Bryan* v. *State*, 124 *Ga.* 79 (52 S. E. 298).

3. There was positive evidence of the guilt of the accused, and, although there was an attempt to impeach the witness for the State by proof of bad character, the jury believed his testimony.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
DECIDED JANUARY 23, 1917.

Accusation of gaming; from city court of Madison—Judge Anderson. October 23, 1916.

*Williford & Lambert,* for plaintiff in error.

*A. G. Foster, solicitor,* contra.