34245. HAWKINS *v.* THE STATE.

DECIDED OCTOBER 1, 1952.

H. T. Oliver, H. T. Oliver Jr., for plaintiff in error.

Jeff C. Wayne, S. O. Smith Jr., Solicitor-General, contra.

GARDNER, P. J. ■ It is true that Code § 59-114 provides that "Any juror who has served as a grand or traverse juror at any session of the superior courts . . shall be ineligible for duty as a juror at the next succeeding term of said superior court . . · in which he has previously served; provided, that nothing herein contained shall prevent any traverse juror from serving as a grand juror at the next term of the superior court of his county; provided, further, that nothing herein contained shall apply to any court in any county wherein the grand jury box contains not exceeding 100 names and the petit jury box contains not exceeding 350 names." However, the defendant's plea in abatement is not sufficient to raise any question as to the legality of the indictment under which he was tried and convicted by reason of the illegality or ineligibility of the members of the grand jury or any member thereof. In the first place, it does not appear that the county wherein the defendant was indicted contained not exceeding 100 names in its grand jury box and not exceeding 350 names in its petit jury box, which it was necessary for the plaintiff to show before his plea in abatement would be sufficient in law under this statute. Such pleas are dilatory, and being so are not favored and must be strictly construed. They must be certain in intent and leave nothing to be supplied by intendment, and in considering them

every inference must be taken against the person interposing such plea. See *Meriwether* v. *State*, 63 *Ga. App.* 667, 669 (11 S. E. 2d, 816). Such a plea must conform with strict exactness as to form, and contain all essential averments pleaded with accuracy. U. S. *v.* Greene, 113 Fed. 683.

In the next place, the disqualification or ineligibility of a grand juror or grand jurors to serve as such at one term because he or they served as a member or members of the grand jury at the immediately preceding term of the court is a disqualification propter defectum. See *West* v. *State*, 19 *Ga. App.* 142 (91 S. E. 216). In such a case, where possible, the question of the ineligibility of the juror or jurors to serve must be made before they act and return the true bill. See *Parris* v. *State*, 125 *Ga.* 777 (54 S. E. 751). It has been held that where a defendant was arrested and made bond, or was arrested and remained in jail, and was apprised of the fact that the grand jury which indicted him would investigate the charges against him, a challenge as to the competency of any member or members of such grand jury must be made. See *West* v. *State*, supra and cit.; *Parris* v. *State*, supra. "When the accused seeks, after the finding of the indictment, to raise the objection that one of the grand jurors was disqualified propter defectum, it is incumbent upon him to show that he did not have an opportunity to raise the objection before the indictment was found." *Payne* v. *State*, 29 *Ga. App.* 156 (114 S. E. 226), citing *Parris* v. *State*, supra. When such a disqualification of a grand juror is urged by plea in abatement, "before the indictment should be quashed it must affirmatively appear that the accused did not have notice and opportunity to make the question by challenge before the finding of the indictment." *Folds* v. *State*, 123 *Ga.* 167 (51 S. E. 305). See also *Turner* v. *State*, 78 *Ga.* 174, and *Tucker* v. *State*, 135 *Ga.* 79 (68 S. E. 786). It does not appear from the plea in abatement interposed by the defendant that he did not have notice that the case against him would be investigated by the grand jury and did not have an opportunity to make the challenge as to the ineligibility of the grand jury that indicted him or any member thereof before this indictment was found. It follows that it does not appear from this plea in abatement or from the record that the trial court did not properly overrule and deny the same.

There is nothing in *Tompkins* v. *State*, 138 *Ga.* 465 (75 S. E. 594), to the contrary of anything held herein. It does not appear from the allegations contained in the plea in abatement that the action of the grand jury, during the May term 1952 in indicting this defendant was so illegal and unauthorized as to render the indictment void and nugatory.

■ The motion for a new trial in this case is upon the general grounds only, and nowhere in his brief does the defendant insist thereon. In fact, the only error argued therein is that the court erred in not sustaining the plea in abatement dealt with above. Therefore, the sufficiency of the evidence to support the verdict of the jury finding this defendant guilty as charged is not passed upon, except to say that a verdict finding him not guilty was not demanded under the evidence. There were no special assignments of error.

It follows that the court did not err in denying the defendant's motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*