## 38004. SIMPSON *v*. THE STATE.

TOWNSEND, Judge. 1. The record in this case shows that the defendant James Simpson was placed in custody on May 18, 1957, in connection with the theft of some copper wire; that an affidavit and warrant of arrest were issued on May 25, 1957, charging the defendant with larceny of copper wire; that on May 25, the defendant made bond to "be and appear at the next term of the superior court of said county, to be held on the fourth Monday in May, 1957 . . . then and there to answer to the offense of stealing copper wire from Satilla R.E.A."; that on May 30, 1957, which was during the week of May 27, on which the new term of the Bacon Superior Court convened, the defendant was indicted by the grand jury for the theft of the wire and that on November 19, he filed a plea in abatement to the indictment on the ground that 15 of the grand jurors were disqualified by reason of being members and stockholders of the Satilla Rural Electric Membership Corporation from which the wire was allegedly stolen. The court overruled the plea on the ground that it was filed too late. "Points relating to the number of grand jurors drawn and their competency should be made before the true bill is found, and not on the trial before the traverse jury, especially where the defendant is under a charge that apprises him that the case will go before the grand jury, by being under bond to appear or confined in jail to answer the offense at court." *Turner* v. *State*, 78 *Ga*. 174 (1). See also *Tucker* v. *State*, 135 *Ga*. 79 (1) (68 S. E. 786) and citations. While the defendant alleges in his plea that he had never seen the warrant of arrest, he necessarily saw his bond and therefore should have been apprised that he would have to answer the charge of stealing the wire at the term of court which convened on May 27, 1957. Nothing appearing to the contrary, it will be presumed that the grand jury for such term had been chosen under the provision of Code § 59-203, and the names would accordingly have been available to the defendant in advance. Accordingly, his failure to make a timely challenge to the competency of certain grand jurors must be considered to have been waived, and the trial court did not err in dismissing the plea in abatement filed some time after the indictment had been returned.

2. A defendant indicted for simple larceny is entitled on demand

by special demurrer to have a definite description of the property stolen, in order that he may prepare his defense and in order that he may not be twice tried for the same offense. *Gibson* v. *State,* 13 *Ga. App.* 67 (78 S. E. 829). A description in an indictment merely that the property stolen is the property of Satilla Rural Electric Membership Corporation and consists of "no. 4 and no. 6 hard drawn bare copper wire of the value of $35.00" which fails to specify weight, quantity, location, appearance, or anything to distinguish it from copper wire of the types in question generally is insufficient to withstand special demurrer. *Walthour* v. *State,* 114 *Ga.* 75 (39 S. E. 872); *Melvin* v. *State,* 120 *Ga.* 490 (48 S. E. 198); *Mathis* v. *State,* 27 *Ga. App.* 229 (107 S. E. 629); *Pharr* v. *State,* 44 *Ga. App.* 363 (161 S. E. 643); *Smith* v. *State,* 68 *Ga. App.* 74 (22 S. E. 2d 120). The trial court erred in overruling the special demurrers to the indictment.

3. Whether or not venue was properly proved need not be decided here, since the case will have to be tried again. Since the trial court erred in overruling the special demurrers to the indictment the case must be reversed on that ground.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED NOVEMBER 18, 1959.

*J. Laddie Boatwright,* for plaintiff in error.
*Dewey Hayes, Solicitor-General,* contra.

