CRAWFORD *et al. v.* CROW, ordinary, *et al.*

1. A recommendation of a grand jury expressed as follows: " We recommend further that our county commissioners and ordinary adopt the alternative road law as found in the Code of 1895, sections 573–579," properly construed, was intended to, and did, have the force and effect of adopting the entire "alternative road law " contained in sections 573 to 582, inclusive, of the Political Code.

2. Where one member of a grand jury recommending that the provisions of such law should go into effect in a given county was not then a resident thereof, the recommendation is not vitiated by reason of the disqualification of such juror, when it affirmatively appears that, irrespectively of his vote, there was a majority in favor of the recommendation.

Submitted December 2, — Decided December 10, 1901.

Petition for injunction. Before Judge Russell. Franklin superior court. October 24, 1901.

*J. B. Jones,* for plaintiffs in error. *W. R. Little,* contra.

FISH, J. Certain citizens and taxpayers of the county of Franklin sought to enjoin the ordinary, county commissioners, and tax-collector thereof from collecting a tax for a " public road fund," levied under the provisions of the " alternative road law," contained in article 2 of the Political Code. Upon the hearing his honor, the trial judge, refused to grant a temporary injunction, and to this ruling the petitioners excepted.

1. The question presented by the record for our decision is, whether the " alternative road law" has been legally adopted for Franklin county. Section 583 of the Political Code, as amended by the act of 1897, is as follows: " This article [containing the 'alternative road law'] shall not go into effect in any county in this State until it is recommended by the grand jury of said county, said recommendation to be made at any term of court, and the operation of this article shall be suspended in any county of this State upon a like recommendation of the grand jury, made at any term of court, after the lapse of three years from the time this

article goes into effect." It appeared upon the hearing of this case that the grand jury, at the March term, 1898, of Franklin superior court, made the following recommendation: " We recommend further that our county commissioners and ordinary adopt the alternative road law as found in the Code of 1895, sections 573–579." The contention of the petitioners was, that this recommendation was not sufficient to carry into effect the " alternative road law," because sections 573–579, cited in the recommendation, contain only a part of such law, and the grand jury had no power to recommend the adoption of less than the whole law on this subject. We do not think it was the intention of the grand jury to have only a part of the law carried into effect, as the recommendation clearly shows a purpose to make operative all the provisions of the " alternative road law." Article 2 of the Political Code, in which are sections 573–579, is headed " Alternative Road Law," and the remaining sections, 580, 581, and 582, of the article refer to defaulters and how and by whom they shall be dealt with. Unless these last three sections became operative, the provisions of the other sections could not be enforced. This the grand jury must have understood, and we can not believe that they undertook to do a vain and useless thing. The force and effect of their recommendation was to adopt the provisions of the entire " alternative road law."

2. Serving on the grand jury that made the recommendation, and participating in their action in reference thereto, was Henry K. Ertzberger, who, as petitioners alleged, was not qualified to serve, for the reason that he was not, at the time, a resident of Franklin county; and they contended that his disqualification rendered the recommendation void. Upon the hearing it was shown, by the affidavits of a number of those who served upon the grand jury, that the recommendation was adopted by the votes of a large majority, and, as affiants remembered, by a unanimous vote, of the grand jury; and there was no evidence to the contrary. Taking this to be true, the recommendation, in our opinion, was not void, although Ertzberger may have been disqualified. There seems to have been some doubt whether, at common law, the disqualification of one member of a grand jury vitiated an indictment found by it, when all the other members were competent, but the statute of 2 Henry 4, c. 9, enacted " that any indictment taken by a jury

one of whom is unqualified shall be altogether void and of no effect" (see 10 Enc. Pl. & Pr. 355); and it is now well settled that the incompetency of one grand juror renders an indictment void, no matter how many unexceptionable jurors join with him in finding the bill. This rule in reference to indictments does not apply, however, to the recommendation of a grand jury that the provisions of the "alternative road law" shall become operative, when it affirmatively appears that, irrespectively of the vote of a disqualified juror, there was a majority in favor of the recommendation. The legislature, in authorizing grand jurors, by a recommendation, to put into effect such law, evidently intended to confer the power upon them as a representative body of citizens of the county who might be serving as grand jurors, and who, on account of their uprightness, intelligence, and experience, would be well qualified to determine, under all existing conditions, whether the interests of the county and its citizens would be promoted by having the public roads worked under the " alternative road law;" and in passing upon such question, a majority of the votes of those qualified to act as grand jurors must control. In the present case, as we have seen, the recommendation in question was adopted by a large majority, if not by the unanimous vote, of the members of the grand jury, all of whom were qualified except Ertzberger, and his vote could not have changed the result of their action. It follows from the foregoing that the refusal of the temporary injunction was not erroneous. *Judgment affirmed. All the Justices concurring.*