## PIRKLE et al. v. BEARDEN et al.

Where the grand jury of a county, as a part of their general presentments, recommend "that the alternative road system be adopted in this county," such a recommendation has the force and effect of adopting the provisions of the alternative road law contained in the Political Code, Sixth Title, Chapter 12, Article 2, embracing sections 694 to 704 inclusive. And where after such recommendation certain taxpayers filed their petition seeking to enjoin the proper county authorities from putting the alternative road law recommended into operation, the injunction was properly refused.

MARCH 10, 1914.

Petition for injunction. Before Judge Jones. Dawson superior court. August 9, 1913.

*W. A. Charters,* for plaintiffs.

*O. J. Lilly* and *A. W. Vandivere,* for defendants.

BECK, J. W. D. Pirkle and numerous other petitioners filed their equitable petition against the commissioners of roads and revenues of Dawson county, praying that the defendants be restrained from putting into operation the alternative road law embraced in sections 694-704 of the Civil Code, and from expending any money of the county and levying a tax on the property of the taxpayers for the purpose of putting that law into operation. At the interlocutory hearing the injunction was refused, and the petitioners excepted.

At the March term, 1913, of the superior court of Dawson county the grand jury in session at that term of court, as a part of their general presentments, made the following recommendation: "We recommend that the alternative road system be adopted in this county." Article 2 of Chapter 12 of the Sixth Title of the Code, and which article embraces sections 694 to 704 inclusive, appears under the caption "Alternative Road Law." That law, under the provisions of section 704, goes into effect when it is recommended by the grand jury of the county at any term of the superior court of such county. Article 3 of the same chapter contains provisions also for an alternative road law known as the "Alternative Four-Days Road Law." But the provisions of article 3 become the road law of a county only in the event that the "Four-Days" law shall be adopted at an election to be held to determine whether that plan of working the roads of a county shall be adopted, and is not put into effect by recommendation of the grand jury.

31

We are of the opinion, therefore, that the recommendation of the grand jury referred to above had reference to the alternative road law embraced in article 2; and the grand jury having made the recommendation, it was the duty of the commissioners of roads and revenues to take appropriate steps to effectuate the recommendation of the grand jury, and the court properly refused to enjoin them from so doing. *Crawford* v. *Crow*, 114 *Ga.* 282 (40 S. E. 286); *Varner* v. *Thompson*, 3 *Ga. App.* 415 (60 S. E. 216).

*Judgment affirmed. All the Justices concur.*