### 6106.  EVANS v. THE STATE.

1. The number of persons composing a grand jury in this State being limited by law to twenty-three (Penal Code, § 812), the findings of a body purporting to act as a grand jury but consisting of more than that number are void.

2. One who has been arrested on a warrant charging him with crime, and who has been committed to await the action of the grand jury or has given bond for his appearance, is apprised of the fact that his case will undergo investigation; and points relating to the number of grand jurors and their competency should be made before a true bill is found, and not on the trial before the traverse jury.

3. It is not within the power of a grand jury to adopt on motion at one and the same time several indictments against different persons and for different offenses and without a separate hearing of testimony in each case.

DECIDED SEPTEMBER 18, 1915.

Certiorari; from Putnam superior court—Judge Park. November 2, 1914.

*Roy D. Stubbs,* for plaintiff in error.

*J. E. Pottle, solitior-general, S. T. Wingfield,* contra.

RUSSELL, C. J.  The Penal Code, § 812, provides that "a grand jury shall consist of not less than eighteen nor more than twenty-three persons." The body that originally acted on the indictment in this case, being composed of twenty-four grand jurors, was therefore not a legal grand jury. The accused, however, had been previously apprised of the fact that the charge against him would undergo investigation by the grand jury, for he had been arrested on a warrant for the offense and had given bond for his appearance; and he could have ascertained, by examination of the minutes of the court or otherwise, that a grand jury of twenty-four members had been impanelled. "Points relating to the number of grand jurors drawn and their competency should be made before the true bill is found, and not on the trial before the traverse jury, especially where the defendant is under a charge that apprises him that the case will go before the grand jury, by being under bond to appear or confined in jail to answer the offense at court." *Turner* v. *State,* 78 *Ga.* 174.  See also *Lascelles* v. *State,* 90 *Ga.* 347 (3), 372 (16 S. E. 945, 35 Am. St. R. 216) ; *Parris* v. *State,* 125 *Ga.* 777 (4) (54 S. E. 751) ; *Tucker* v. *State,* 135 *Ga.* 79 (68 S. E. 786) ; *Brooks* v. *State,* 12 *Ga. App.* 105 (76 S. E. 765).  When, however, the grand jurors in this case, on being informed that more than the

legal number of grand jurors had acted on the indictment, excused one of their body, and the remaining twenty-three attempted to validate this indictment and a number of indictments against other persons for different offenses, by adopting all the indictments en bloc, without hearing testimony at that time, and relying simply upon the testimony adduced before the illegal body which was in session the preceding day, the defendant had good ground for attacking the indictment by plea in abatement, as he did; and the court erred in holding to the contrary. A grand jury can not find a bill or make a presentment "except upon the testimony of witnesses sworn in a particular case, where the party is charged with a specified offense" (In re *Lester,* 77 *Ga.* 143; *Switzer* v. *State,* 7 *Ga. App.* 7, 65 S. E. 1079); and the investigation can not relate back to statements which may have been heard previously by members of the grand jury in their individual capacity, and such statements can not be accepted as a substitute for testimony before the body as legally constituted.

       *Judgment reversed. Broyles, J., concurs dubitante.*