*J. L. Mayson, S. D. Hewlett,* contra.

---

### 9134. FELKER v. CITY OF MONROE.

1. This case having been transmitted by this court to the Supreme Court, and by that court transferred back to this court, this action by the Supreme Court was equivalent to a holding that the constitutional question which it was sought to raise in the affidavit of illegality was not properly made, and that no such question was actually raised for determination on review.

2. When a statute confers on an official body the power of appointment to office, their appointment of one or more of their own members is contrary to public policy, unless expressly authorized by the statute. Such an appointment being without color of right, but void on its face, the appointee is not a de facto officer, and official acts of the body wherein he participates as such appointee are at least prima facie invalid.

DECIDED MAY 15, 1918.

Affidavit of illegality of execution; from Walton superior court— Judge Cobb.   July 16, 1917.

The plaintiff in error filed separate affidavits of illegality to the proceeding of two tax fi. fas. issued against him by the City of Monroe.   By consent of counsel the cases were consolidated and submitted to the presiding judge, under an agreed statement of facts.   The affidavits are specified by the bill of exceptions as material portions of the record, and the grounds of illegality as contained therein are in each case stated as follows:

"1.   Because the said execution is null and void for the reason it is not issued by the proper officer of said city.

"2.   Because the amounts therein claimed are not due, in accordance with the laws of the State and the decisions rendered by the Supreme Court.

"3.   Because one of the assessors of deponent's property for taxation was at the time a member of the council appointing the assessors and he was ineligible to hold such office, and the assessment for this reason is null and void.

"4.   Because said execution, levy and advertisement is contrary to article 1, section 1, paragraph 3 of the constitution of the State of Georgia, as embodied in section 6359 of Park's Code, as well as article VIII, section 14 of the constitution of the United States, as embodied in section 6700 of Park's Code, in that it violates the due process clause of said constitution and each of them, upon the ground that there is no provision made in the charter or ordinances of said City of Monroe, according to law and the constitution, which affords a hearing to the taxpayer in the matter of fixing the value of his property for taxation.

"5.   Deponent has never received any notice of said assessment, was never served with any notice of the hearing whereon said execution is based, nor did he waive service, nor did he appear at any hearing and oppose said assessment.   Nor was he served with any notice of said levy, nor was he given any opportunity of pointing out property for levy and sale, and the property levied on is partly owned by the Walton Hotel Company and the City of Monroe."

The agreed statement of facts is as follows: "That James M. Day and Robert Aycock was one of the council at the time he was appointed or elected one of the city tax-assessors, and that he was one of the assessors who made the assessments in question; that

the defendant did not give in or return his property in said city
for taxation, and that the same was assessed by a board of tax
assessors, composed of three assessors, one of whom was J. M. Day
in one case and Robert Aycock in the other, who occupied the dual
position of councilman and assessor, as aforesaid; that the defend-
ant had no notice of any such assessment, and that there has never
been any hearing regarding same; that paragraph 5 of the affidavit
of illegality is true, except that the defendant waives and does not
insist on the latter part of said paragraph, to wit: 'nor was he
served with any notice of said levy;' also that in 1914 sufficient
property was levied on to pay it as set out in paragraph 2;" that
the 125 feet, 50 feet wide, levied on, crosses a 15-foot alley and
runs for 5 feet and 50 feet wide on Walton Hotel (property) lot;
that the other statements of facts (not meaning statements of law)
in said affidavits are true and not contested."

The affidavit of illegality as to tax fi. fa. No. 208 was sustained
by the trial judge, "upon the first ground therein, the execution
not having been issued in the manner prescribed by the charter
of the city." All the other grounds were overruled. In dealing
with the affidavit of illegality as to tax fi. fa. No. 207, the trial
judge overruled all of the grounds thereof, and in his order made
the following statement: "The third ground of illegality has
given me serious trouble, but after mature consideration I have
reached the conclusion that in the absence of a charge of actual
fraud or other illegal conduct perpetrated upon the other members
of the board of assessors by the disqualified assessor, that the action
of the two qualified members would be valid." The assignment
of error is as follows: "To the judgment of the court on illegality
No. 207, overruling the same on all of the grounds, 1 to 5 inclusive,
plaintiff in error, J. H. Felker, excepted, now excepts, and assigns
the same as error, upon the ground that it was contrary to law."
Error is likewise assigned upon the judgment of the court in
overruling grounds 2 to 5, inclusive, of the affidavit interposed
to fi. fa. No. 208.

*J. H. Felker,* for plaintiff in error.

*O. Roberts,* contra.

JENKINS, J. (After stating the foregoing facts.) It is pro-
vided by section 862 of the Political Code (1910), that "The
mayor and council of each town or city are authorized, at their

option, to elect three freeholders, residing in the town or city, as assessors, who shall value and assess all the property within said town or city liable for taxation." It will be seen by the statement contained in the order passed by the learned judge who tried the case that it was not his opinion that the selection made by the council of one of their own members for a place upon the board of assessors was a lawful one. It is well settled that such an appointment is wholly illegal, and that, since the act of his selection is void on its face, the appointee does not occupy the status of a de facto officer. *Parrish* v. *Town of Adel,* 144 *Ga.* 242 (86 S. E. 1095); *Hawkins* v. *Intendant,* 63 *Ga.* 527; 29 Cyc. 1381 (b); Meglemery v. Weissinger, 140 Ky. 353 (131 S. W. 40, 31 L. R. A. (N. S.) 575). The difficulty which existed in the mind of the trial judge, and which likewise presents itself to us, is whether the act of the board itself in making the assessments is rendered invalid by reason of the fact that it was participated in by one whose selection and appointment was wholly void, where no charge is made "of actual fraud or other illegal conduct perpetrated upon the other members of the board of assessors by the disqualified member." It is provided by section 4, paragraph 5, of the Political Code that "A joint authority given to any number of persons, or officers, may be executed by a majority of them, unless it is otherwise declared." But where, as in this case, the authority was not in fact exercised by the majority qualified members, but by them in conjunction with another person whose appointment was absolutely void, it would not seem that the section which we have just cited would have application, but that any action so taken would be at least prima facie invalid. In the case of *Crawford* v. *Crow,* 114 *Ga.* 282 (40 S. E. 286), it was held that the recommendation of a grand jury putting into effect the alternative road law was not invalidated on account of the fact that one of its members was disqualified by reason of his non-residence, where it also affirmatively appeared that, irrespective of his vote, there was a majority in favor of the recommendation. In this decision the court says: "It is now well settled that the incompetency of one grand juror renders an indictment void, no matter how many unexceptionable jurors join with him in finding the bill. This rule in reference to indictments does not apply, however, to the recommendation of a grand jury that the provisions of the 'alternative

road law' shall become operative, when it affirmatively appears that, irrespectively of the vote of a disqualified juror, there was a majority in favor of the recommendation. The legislature, in authorizing grand jurors, by a recommendation, to put into effect such law, evidently intended to confer the power upon them as a representative body of citizens of the county who might be serving as grand jurors, and who, on account of their uprightness, intelligence, and experience, would be well qualified to determine, under all existing conditions, whether the interests of the county and its citizens would be promoted by having the public roads worked under the 'alternative road law;' and in passing upon such question, a majority of the votes of those qualified to act as grand jurors must control. In the present case, as we have seen, the recommendation in question was adopted by a large majority, if not by the unanimous vote, of the members of the grand jury, all of whom were qualified except Ertzberger, and his vote could not have changed the result of their action." The doctrine that the acts of an official disqualified to serve whose appointment is not void on its face may still be valid, for the reason that he is an officer de facto, does not seem to have application with respect to jurors. Ordinarily, the mere non-residence of an official does not deprive him of his rights and powers as a de facto officer, but such was not the theory on which the case just quoted from was decided. The clear intimation in that case, however, was to the effect that the action was prima facie illegal, but that since it was *affirmatively shown* that the action was taken without the aid of the disqualified member, and that his vote could not have changed the result, the recommendation was upheld as a legal one. In the case which is now before us it is not made to appear that the action of the board of assessors was taken without the aid of the disqualified member; it is not shown that the action was not in fact dependent upon his aid. It would seem, moreover, from the language of the excerpt which we have quoted from the *Crawford* case, supra, that such a recommendation by the majority members of a grand jury stands upon a somewhat different footing from the ordinary official acts of public boards. In such a grand jury recommendation it is the majority opinion of the representative citizens constituting its membership which the law seeks to arrive at and give effect to. Here it is not a question of what was the ma-

20

jority opinion of such representative citizens, but the act which is called into question is simply the operative function of an official board. In the case of *Wright* v. *State,* 124 *Ga.* 84 (52 S. E. 146), the Supreme Court held that "Even if a person be ineligible to hold the office of jury commissioner, yet if he is appointed to such office and acts therein, he is, while so acting, a jury commissioner de facto, and the official acts of the board of jury commissioners wherein he participated are valid, and can not be collaterally attacked upon the ground that such person was incompetent to hold the office of jury commissioner." The ruling here upholding the official acts of that board is thus based specifically and entirely upon the proposition that the disqualified official who participated therein was in that case an officer de facto, the clear intimation necessarily being that had he not been such, the holding would have been otherwise. To the same effect see *Smith* v. *Bohler,* 72 *Ga.* 546 (7), where it was held that, "Although the board may have consisted in part of persons who were not freeholders, they were all de facto in office, and competent to act until ejected." In the instant case the act of the board of assessors, participated in by a person whose appointment is so wholly and palpably illegal as to prevent him from occupying the status of an officer de facto, would seem to be at least prima facie illegal, if indeed not wholly void. See *Hardy* v. *Gainesville,* 121 *Ga.* 327 (48 S. E. 921). But whether wholly illegal or not, such an act by such a board can not, under the facts as presented by the record, be upheld upon the theory of having been taken by its legally constituted members, since, so far as the record goes, the action is at least prima facie illegal as being in part the act of a stranger.

There is no cross-bill of exceptions to the judgment sustaining the affidavit of illegality as to execution No. 208 on the ground that it had been improperly issued; and that judgment stands affirmed; but the judgment overruling ground 3 thereof is reversed, as is the order and judgment overruling ground 3 of the affidavit of illegality filed to execution No. 207.

*Judgment affirmed in part and reversed in part. Wade, C. J., and Luke, J., concur.*