## A08A0090. ATKINS v. THE STATE.
(663 SE2d 286)

BARNES, Chief Judge.

Dwayne Anthony Atkins was convicted of methamphetamine possession, three counts of obstruction of an officer, two counts of fleeing and eluding, one count of leaving the scene of an accident, and eleven other traffic offenses. He was sentenced as a recidivist to 30 years, 15 of those in confinement. After the trial court denied his motion for new trial, he appealed. Atkins contends that the trial court erred in denying his oral motion in arrest of judgment or motion to dismiss or general demurrer, made after the jury was sworn but before trial began. For the reasons that follow, we affirm the trial court and the convictions.

Following up on a tip that Atkins would be selling methamphetamine to Barbara Padgett at her house, officers saw Atkins' car in the driveway and determined that Atkins' driver's license had been suspended. When Atkins left the residence, an officer tried to initiate a traffic stop, but Atkins fled and the officer pursued. A high-speed chase followed, which ended when Atkins crashed into another car

and tried to flee on foot. When officers caught up with him, Atkins tried to fight them off but was eventually subdued and arrested. An investigator found $2,246 and a glass pipe with methamphetamine residue on Atkins. His blood was tested and contained methamphetamine at a level suggesting both chronic and recent use. Meanwhile, investigators searched Padgett's residence and seized over 25 grams of methamphetamine.

Padgett and Atkins were both named in a 19-count indictment, which was case number 05CR687A. The first count charged only Padgett with methamphetamine trafficking, and the remaining 18 counts charged only Atkins with the crimes for which he was eventually convicted. In January 2006, the trial court entered a nolle prosequi order on the State's recommendation in a document styled "State of Georgia v. Barbara Padgett." The order provided:

> Case number 05CR687A has been reaccused and superseded by case number 06CR003A. Accordingly, case number 05CR687A is hereby nolle prossed. It is hereby ordered that all original arresting documents, citations, bond orders and OBTS forms be transferred to case 06CR003A.

The indictment in case number 06CR003A contained one count, charging only Padgett with methamphetamine possession with intent to distribute instead of the previous charge of methamphetamine trafficking. Padgett pled guilty to methamphetamine possession with intent to distribute, and was sentenced to fifteen years, with five years in custody. She subsequently testified for the State at Atkins' trial.

At Atkins' trial, after the jury was sworn but before the trial began, Atkins said, "Your Honor, I have a motion to make to the Court; and, quite frankly, I'm not sure what to call it or exactly how to make it. It would be in the vein of a motion [in] arrest of judgment or a motion to dismiss or potentially even a general demurrer." Basically, Atkins moved to dismiss the case, citing the language of the nolle pros order and arguing that no charges existed against him because the State had nolle prossed his indictment and had never reindicted him, only Padgett. The trial court denied the motion. While noting that the January 2006 nolle pros "could have been more explicit than it was," the court held that the charges against Atkins were still pending because the nolle pros referred only to Padgett, not to Atkins. Atkins and Padgett were not indicted jointly on any counts, and "by denominating this in the manner the State has . . . it saves the case for the State."

Atkins argues on appeal that the trial court should have granted his motion based on the substance of the nolle pros order, and not on

the caption. OCGA § 17-7-110 provides that "all pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment." Further, demurrers and special pleas must be made in writing. OCGA § 17-7-111. "These rules, however, do not preclude an oral objection to the sufficiency of an indictment or accusation at any time during trial if it is so defective that judgment upon it would be arrested." *Pullen v. State*, 199 Ga. App. 881 (406 SE2d 283) (1991).

"Nolle prosequi" means " 'a formal entry upon the record by the prosecuting officer in a criminal action by which he declares that he will no further prosecute the case, either as to some of the counts, or some of the defendants, or altogether.' [Cit.]" (Punctuation omitted.) *Williams v. State*, 244 Ga. 485, 486-487 (2) (260 SE2d 879) (1979). Atkins argues that the trial court should have ignored the style of the order (State v. Padgett) and considered only the body of the order (indictment 05CR768A dismissed), because "[u]nder our rules of pleading, substance, not mere nomenclature, controls." (Punctuation omitted.) *State v. Bell*, 274 Ga. 719 (1) (559 SE2d 477) (2002). But to consider the substance of the pleading, we must look at both the style and the body. In *State v. Bell*, the court held that the defendant had made a proper demand for a speedy trial, despite the fact that his pleading was titled, "Motion to Set Jury Trial," because the title was more than a simple demand for a jury trial; further, in the body of the motion he asked "that a jury trial be held 'in his capital case within the next two terms of court.' " (Punctuation omitted.) Id. Considering the pleading in its entirety, the court held that it was clear in its purpose and the right it sought to enforce. Id.

Similarly, in *Gentry v. State*, 281 Ga. App. 315, 317 (1) (b) (635 SE2d 782) (2006), the court looked at both the heading and the body of the indictment to conclude that the defendant was properly convicted of manufacturing methamphetamine, despite the heading that referred to trafficking in methamphetamine, an action that was not a crime until after the defendant's arrest.

In both of these cases, the trial courts considered both the title and the body of the pleading. While there the headings were not controlling, that does not mean that they were or should be ignored, only that in those cases the headings did not control. In this case, the only way to interpret the pleading as Atkins does would require ignoring the style of the pleading entirely and looking only at the body. Focusing on one part to the exclusion of the other is not considering substance over mere nomenclature; to consider the substance of this document both parts must be taken into account. As the trial court said, while the nolle pros could have been drawn more explicitly, considering it in context and in light of the former indictment in which no counts were made against the two defen-

dants jointly, and in light of the subsequent indictment which only contained one count against Padgett, the trial court did not err in denying Atkins' motion in arrest of judgment.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 10, 2008.

*Robert R. McNeill, Nicki N. Vaughan*, for appellant.
*Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney*, for appellee.