S11A1875, S11X1876. THE STATE v. DEMPSEY; and vice versa.
(727 SE2d 670)

HINES, Justice.

In Case Number S11A1875, the State appeals the trial court's order granting Lewis Dempsey's motion to quash indictment number 10-CR-003-DB. In Case Number S11X1876, Dempsey cross-appeals the trial court's earlier denial of his motion to quash indictment number 09-CR-325-MM. For the reasons that follow, we affirm in S11A1875, and reverse in S11X1876.

After a longstanding property dispute between Dempsey and Dillard Jewell Crane, Dempsey fatally shot Crane on September 7, 2009; Dempsey admitted the shooting, but claimed self-defense. On November 10, 2009, during the August 2009 term of the Lumpkin County grand jury, indictment number 09-CR-325-MM ("first indictment") was returned, charging Dempsey with malice murder, felony murder, two counts of aggravated assault, and possession of a firearm during the commission of a felony. On December 17, 2009,

Dempsey moved to quash this indictment because those persons who had been summoned for the August 2009 term of the Lumpkin County grand jury included Ralph Prescott, an elected member of the City Council of Dahlonega, who not only sat on the grand jury, but served as its foreman. In an order of January 4, 2010, the trial court denied Dempsey's motion to quash, but nonetheless ordered Prescott removed from future service on the grand jury.

The next day, January 5, 2010, the State sought to indict Dempsey for the same crimes; the grand jury, composed as before, but without Prescott and one other absent juror, returned indictment number 10-CR-003-DB ("second indictment"). The State also moved for an order of nolle prosequi as to the first indictment, which was granted on January 14, 2010. Dempsey then moved to quash the second indictment, which was granted.

1. In the cross-appeal, Dempsey contends that the trial court should have granted his motion to quash the first indictment. That is correct. As an elected local government officeholder, Prescott was ineligible to serve on a grand jury under OCGA § 15-12-60 (b) (1).[1] And, it is uncontroverted that he nonetheless served on the grand jury that issued the first indictment against Dempsey.[2] This Court long ago recognized that "[i]f a grand juror is not qualified under the law to serve as such, his presence would vitiate the action of the body." *Betts v. State*, 66 Ga. 508, 514 (6) (1881). See also *Reich v. State*, 53 Ga. 73, 75 (1874), wherein a grand juror was ineligible to serve as he was not a citizen. "[I]t is now well settled that the incompetency of one grand juror renders an indictment void, no matter how many unexceptionable jurors join with him in finding the bill." *Crawford v. Crow*, 114 Ga. 282, 284 (40 SE 286) (1901). See also *Harper v. State*, 283 Ga. 102 (1) (657 SE2d 213) (2008) (Service on the grand jury by one never actually selected for that service would "require a new indictment.").

---

[1] OCGA § 15-12-60 reads:
(a) Except as provided in subsection (b) of this Code section, all citizens of this state 18 years of age or older who are not incompetent because of mental illness or mental retardation and who have resided in the county for at least six months preceding the time of service shall be qualified and liable to serve as grand jurors unless otherwise exempted by law.
(b) The following persons shall not be eligible to serve as grand jurors:
(1) Any person who holds any elective office in state or local government or who has held any such office within a period of two years preceding the time of service as a grand juror; and
(2) Any person who has been convicted of a felony and who has not been pardoned or had his or her civil rights restored.

[2] The parties stipulate that at the time the grand jury was sworn and convened on August 23, 2009, both the presiding judge and the District Attorney's office were aware that Prescott was a sitting elected official.

Nonetheless, the trial court denied Dempsey's motion to quash the indictment, stating that it did so because Dempsey did not file his motion to quash before the indictment was returned, and did not show that he was without actual or constructive knowledge of the illegality of the grand jury's composition. Such was, for many years, a proper analysis under our law. See, e.g., *Sanders v. State*, 235 Ga. 425 (219 SE2d 768) (1975) ("In order for such a motion to be entertained by the trial court, it must be made prior to the return of the indictment or the defendant must show that he had no knowledge, either actual or constructive, of such alleged illegal composition of the grand jury prior to the time the indictment was returned; otherwise, the objection is deemed to be waived. [Cits.]"); *Simmons v. State*, 226 Ga. 110, 111 (1) (a) (172 SE2d 680) (1970); *Folds v. State*, 123 Ga. 167, 168-169 (51 SE 305) (1905). However, that is no longer the case. In 2003, our General Assembly enacted what now appears as OCGA § 17-7-110. See Ga. L. 2003, p. 154, § 2. OCGA § 17-7-110 reads in toto: "All pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court." It is uncontroverted that no arraignment had occurred when Dempsey filed his motion, and thus it was filed before the statutory deadline.

Despite the clear language of OCGA § 17-7-110, the State asserts that "all" does not mean "all" in this context, and there remain some motions which must be filed at a time earlier than that set forth in the statute. As authority for this proposition, the State cites cases decided after 2003 in which motions have been allowed *after* the time period set forth in OCGA § 17-7-110. See *State v. Reid*, 298 Ga. App. 235, 237-241 (2) (679 SE2d 802) (2009) (violation of a constitutional right to speedy trial asserted after the time set forth in OCGA § 17-7-110); *Atkins v. State*, 291 Ga. App. 863 (663 SE2d 286) (2008) (motion in arrest of judgment challenging the sufficiency of the indictment); *State v. Shabazz*, 291 Ga. App. 751, 752 (2) (662 SE2d 828) (2008) (demurrer asserting that the accusation failed to charge any offense permitted more than ten days after waiver of arraignment); *State v. Barker*, 277 Ga. App. 84, 87 (3) (625 SE2d 500) (2005) (motion for directed verdict on the ground that the statute of limitation barred the prosecution was not bound by the time limit of OCGA § 17-7-110). While there may be a constitutional or other right to make a certain motion *after* the time period set forth in OCGA § 17-7-110, that does not mean ruling that a motion filed *within* the time period set forth in OCGA § 17-7-110 is untimely. Under the plain language of the statute, any pretrial motion will be considered timely if made before ten days after the date of the arraignment; some motions may be cognizable after that time, but determining the timeliness of such must rest upon other authority.

Nothing in *Langlands v. State*, 282 Ga. 103, 106-107 (3) (646 SE2d 253) (2007), alters this analysis. Although *Langlands* repeated the historical standard that a challenge to the grand jury's composition "must be made prior to the return of the indictment or the defendant must show that he had no knowledge, either actual or constructive, of such alleged illegal composition of the grand jury prior to the time the indictment was returned," *Langlands* did not turn upon that point: it was specifically noted that the challenge to the composition of the grand jury was "untimely because it was not filed within ten days after the arraignment, as required by OCGA § 17-7-110, and the trial court did not extend the time for filing." Id. at 107. As noted in *Palmer v. State*, 282 Ga. 466, 468 (651 SE2d 86) (2007), in enacting OCGA § 17-7-110, the General Assembly rejected the former judicially-created rule that required special demurrers to be filed prior to arraignment, and created a new rule that seeks a more uniform deadline for the filing of pretrial motions in criminal cases. Id. Because, under OCGA § 17-7-110, pretrial motions are timely if filed before ten days after the arraignment, and Dempsey filed his motion before the statutory deadline, the trial court therefore erred in denying the motion to quash indictment number 09-CR-325-MM, and the order of January 4, 2010, must be reversed.

2. The State contends that the trial court erred in quashing the second indictment. However, it was properly quashed; it is uncontroverted that on January 5, 2010, the grand jury returned a true bill of indictment without hearing evidence. But, a

> "grand jury has no right to find any bill or to make any special presentment except upon the testimony of a witness sworn in a particular case in which the party is charged with a specified offense, and in which the oath administered to the witness is substantially the one prescribed by the statute." [Cit.]

*State v. Williams*, 181 Ga. App. 204, 206 (351 SE2d 727) (1986). The State relies upon *Fields v. State*, 260 Ga. 331, 333 (3) (393 SE2d 252) (1990), for the proposition that, in the second proceeding, "the grand jury was entitled to rely on the evidence it had previously considered in returning the original indictment." However, *Fields* is inapposite; there was no question of the illegality of the grand jury itself in that case. Rather, the infirmity in the first indictment, as to which an order of nolle prosequi was entered, was the failure to specify the month and day of the offense. Id. at 332. A second, and correct, indictment "was returned by the same grand jury that returned the original indictment," id., but without hearing new evidence. Thus, in *Fields,* the body that returned each indictment

was the same; a properly constituted grand jury. But, that is not the factual situation in Dempsey's prosecution.

The opinion in *Evans v. State*, 17 Ga. App. 120 (86 SE 286) (1915), is directly on point. In *Evans*, a grand jury was illegally constituted by containing one more than the statutory maximum of twenty-three jurors. When the body was apprised of the illegality, the grand jury

> excused one of their body, and the remaining twenty-three attempted to validate this indictment and a number of indictments against other persons for different offenses, by adopting all the indictments en bloc, without hearing testimony at that time, and relying simply upon the testimony adduced before the illegal body which was in session the preceding day . . . .

Id. at 121. But, as in the case with a grand jury containing a member who is incompetent to serve, "the findings of a body purporting to act as a grand jury but consisting of more than that number are void." Id. at 120 (1). See *Crawford*, supra; *Betts*, supra. Consequently, there was no prior legal proceeding upon which the grand jury could rely. As stated in *Evans*,

> the investigation can not relate back to statements which may have been heard previously by members of the grand jury in their individual capacity, and such statements can not be accepted as a substitute for testimony before the body as legally constituted.

Id. at 121.

The effect of Prescott's presence as to the first indictment was to nullify the proceedings at which he was purportedly a grand juror. As there was never a proceeding at which a legally constituted grand jury received testimony, the trial court properly quashed indictment number 10-CR-003-DB.

3. The State asserts that the entry of an order of nolle prosequi on indictment number 09-CR-325-MM renders moot any question of the propriety of the trial court's refusal to quash that indictment, addressed in Division 1, supra, of this opinion. That is not so. "[A] case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights . . . ." *Collins v. Lombard Corp.*, 270 Ga. 120, 121 (1) (508 SE2d 653) (1998). The order of nolle prosequi as to the first indictment does not create an abstract question. "[A]fter a nolle prosequi, the State may reindict a defendant for the crimes at issue 'within the applicable

statute of limitation, or within six months after the entry of the nolle pros if that occurs later.' [*Carlisle v. State*, 277 Ga. 99, 101 (586 SE2d 240) (2003)]." *Davis v. Wilson*, 280 Ga. 29 (622 SE2d 325) (2005). Thus, despite the order of nolle prosequi entered as to the first indictment, Dempsey would still be subject to reindictment. Yet, under OCGA § 17-7-53.1,[3] he is not subject to reindictment if both indictments against him were quashed. Under these circumstances, the question of whether his motion to quash should have been granted has great effect on his existing rights; if, as we have determined, the indictment should have been quashed, a bar to further prosecution arises.

*Judgment affirmed in Case No. S11A1875. Judgment reversed in Case No. S11X1876. All the Justices concur.*

DECIDED MARCH 23, 2012.

*William J. Langley, District Attorney, Jeremy D. Clough, Assistant District Attorney*, for appellant.

*Swift, Currie, McGhee & Hiers, Bradley S. Wolff, Jeffrey L. Wolff*, for appellee.

---

[3] OCGA § 17-7-53.1 reads:

> If, upon the return of two "true bills" of indictments or presentments by a grand jury on the same offense, charge, or allegation, the indictments or presentments are quashed for the second time, whether by ruling on a motion, demurrer, special plea or exception, or other pleading of the defendant or by the court's own motion, such actions shall be a bar to any future prosecution of such defendant for the offense, charge, or allegation.