**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 8, 2014**

# In the Court of Appeals of Georgia

A13A1901. GARZA v. THE STATE.

MCFADDEN, Judge.

Nearly three years after pleading guilty in the Superior Court of Lumpkin County to a violation of the Georgia Street Gang Terrorism and Prevention Act, OCGA § 16-15-4, and to the offense of aggravated assault, OCGA § 16-5-21, Reynaldo Garza, Jr. filed a motion to withdraw his plea and for a new trial, arguing that the grand jury that had indicted him was improperly constituted because its foreperson was ineligible to serve. The trial court denied the motion. We find no error. The trial court lacked jurisdiction to allow Garza to withdraw his plea because he moved to do so outside the term of court in which he was sentenced. And because Garza pled guilty, the remedy of a new trial was not available to him. Accordingly, we affirm.

1. *Motion to withdraw plea.*

The record shows that on January 6, 2010, Garza entered his plea and was sentenced thereon. He moved to withdraw the plea on November 1, 2012, outside the term of court in which he was sentenced. See OCGA § 15-6-3 (17.1) (C) (establishing terms of court for Lumpkin County). "It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea." *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002) (citation and punctuation omitted). A trial court, however, may "grant a motion for withdrawal filed outside the term of court in which sentence is imposed, where that sentence is void and the motion was filed prior to resentencing." *Kaiser v. State*, 285 Ga. App. 63, 69 (1) (646 SE2d 84) (2007).

Garza argues that his sentence was void because the indictment underlying his conviction was void due to the participation of an ineligible grand juror. The grand juror in question, who served as the foreperson, was ineligible to serve under OCGA § 15-12-60 (b) because he was an elected city councilman at the time of his service. In another case involving the same grand juror, our Supreme Court held that the "effect of [his] presence . . . was to nullify the proceedings at which he was

2

purportedly a grand juror." *State v. Dempsey*, 290 Ga. 763, 767 (2) (727 SE2d 670) (2010). This rendered the indictment void. Id. at 764 (1).

The fact that Garza's convictions arose from a void indictment, however, does not render his sentence void. As our Supreme Court recently explained in *Von Thomas v. State*, 293 Ga. 569 (748 SE2d 446) (2013),

> a sentence is void if the court imposes punishment that the law does not allow. Whether a sentence amounts to "punishment that the law does not allow" depends not upon the existence or validity of the factual or adjudicative predicates for the sentence, but whether the sentence is one that legally follows from a finding of such factual or adjudicative predicates.

Id. at 571-572 (2) (citations and punctuation omitted). To illustrate this rule, the Court offered the example of a claim of a void sentence predicated upon a claim of an unlawful conviction:

> [A] lawful sentence can be imposed only upon the adjudicative predicate of a lawful conviction. Nevertheless, we have held in several cases that a defendant cannot assert a claim that his conviction was unlawful in an untimely motion to vacate his sentence simply by dressing it up as a claim that his sentence was void. Instead, a claim that a conviction was unlawful must be asserted by a motion for new trial, direct appeal from the judgment of conviction, extraordinary motion for new trial, motion in arrest of judgment, or petition for the writ of habeas corpus.

3

Id. at 572 (2) (citations omitted). The Court in *Von Thomas* also stated that claims that "can be waived . . . necessarily do not amount to claims that the sentence imposed was void, inasmuch as a sentence which is not allowed by law is void, and its illegality *may not be waived*." Id. at 573 (2) (citations and punctuation omitted; emphasis in original).

Garza's ten-year sentence fell within the range of permitted sentences for his convictions for violating the Georgia Street Gang Terrorism and Prevention Act and for aggravated assault. See OCGA §§ 16-5-21 (b); 16-15-4 (k). Moreover, Garza's challenge to his conviction based on the service of an ineligible person on the grand jury is a claim that can be waived. See *Hill v. Stynchcombe*, 225 Ga. 122, 127 (10) (166 SE2d 729) (1969) (challenges to constitution of grand jury must be made within specified time or are waived, and cannot be made for first time at new trial stage); *Lumpkin v. State*, 152 Ga. 229, 231 (109 SE 664) (1921) (challenge to grand jury based on service of disqualified person must be made within specified time frame, and "cannot be raised for the first time after verdict"). Cf. *Harper v. State*, 283 Ga. 102, 103 (1) (657 SE2d 213) (2008) (noting that "a *timely* challenge would be valid" to the service of the wrong person on the grand jury) (emphasis supplied). Consequently, under *Von Thomas*, Garza's sentence was not void because it did not

4

amount to "punishment that the law does not allow." *Von Thomas*, 293 Ga. at 571-572 (2). As a result, the trial court lacked jurisdiction to allow Garza to withdraw his plea. *Davis*, 274 Ga. at 865.

2. *Motion for new trial.*

Alternatively, Garza moved for a new trial as a means of challenging the void indictment upon which he was convicted. As discussed above, the *Von Thomas* opinion holds that a defendant must challenge the lawfulness of a conviction directly, through a vehicle such as a motion for new trial, rather than using a claim of void sentence to attack the conviction. *Von Thomas*, 293 Ga. at 572 (2). But a motion for new trial was not available to Garza in this case, because he had pled guilty. As the trial court correctly held, "[o]ne who has entered a plea of guilty cannot move for a new trial, as there was not a trial." *Davis*, 274 Ga. at 866 (citation and punctuation omitted).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur*.

5