**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 29, 2019**

# In the Court of Appeals of Georgia

A19A0997. BATTEN v. THE STATE.

COOMER, Judge.

We granted David Gene Batten's application for interlocutory review of the trial court's order denying his special demurrer and motion to quash the second indictment against him on the same charges asserted in an earlier indictment. Batten asserts that the earlier indictment was void as a matter of law and as a result, the statute of limitations for the charges asserted in the first indictment was not tolled. Batten argues the trial court's denial of his motion to quash the second indictment was therefore erroneous because the second indictment was filed after the expiration of the statute of limitations. For the reasons that follow, we affirm.

"When considering an appeal of a trial court's order on a motion to dismiss and/or quash an indictment, "[w]e review the trial court's interpretations of law and

application of the law to the facts de novo and its findings of fact for clear error." *State v. Scott*, 344 Ga. App. 744, 744 (811 SE2d 457) (2018) (footnote omitted). So viewed, the record shows that Batten was arrested on November 19, 2011 for offenses that allegedly occurred the day prior. In a September 29, 2015 indictment, Batten was charged with four counts of homicide by vehicle in the first degree, driving under the influence, reckless driving, driving on the wrong side of roadway, and failure to maintain lane. The State nolle prossed the indictment on November 30, 2015 and the trial court approved the judgment of nolle prosequi on December 22, 2015. The State indicated that the reason for the nolle prosequi was because an unqualified grand juror voted on the first indictment.

On January 29, 2016, the State re-indicted Batten with the same charges alleged in the first indictment. The second indictment was filed outside the statute of limitations period, however, in the second indictment the State alleged that the first indictment was filed before the statute of limitation expired, and pursuant to OCGA § 17-3-1, the nolle prosequi of the original indictment extended the limitation period for six months. Batten filed a special demurrer, motion to quash indictment, and motion to dismiss, arguing that because the first indictment was void, it therefore could not extend the limitation period for the charges listed in the second indictment.

2

The trial court denied the motion without explanation, but certified its ruling for immediate review. Batten then filed an application for interlocutory appeal, which this Court granted. This appeal followed.

Batten argues that because the original indictment was void as a matter of law, OCGA § 17-3-3 is not applicable to the second indictment. We disagree. OCGA § 17-3-3 provides that if an indictment is brought within the applicable statute of limitation for the charged offense, and is later "quashed or a nolle prosequi entered, the limitation shall be extended six months from the time the first indictment is quashed or the nolle prosequi entered." "In other words, the State may re-indict a defendant within six months after the first indictment is nolle prossed without running afoul of the statute of limitation even if the initial statute of limitation period has run." *Johnson v. State*, 335 Ga. App. 886, 889 (1) (782 SE2d 50) (2016).

In support of his argument that the first indictment was void, Batten relies on Georgia Supreme Court precedent that "the incompetency of one grand juror renders an indictment void, no matter how many unexceptionable jurors join with him in finding the bill." *State v. Dempsey*, 290 Ga. 763, 764 (1) (727 SE2d 670) (2012), citing *Crawford v. Crow*, 114 Ga. 282, 284, (40 SE 286) (1901). However, as the State argued before the trial court, a 2015 statutory provision appears to conflict with

3

that precedent: OCGA § 15-12-60 (d) provides that "[i]f an indictment is returned, and a grand juror was ineligible to serve as a grand juror pursuant to subsection (c) of this Code section, such indictment shall not be quashed solely as a result of such ineligibility." Batten may argue that the statute is inapplicable because the text refers to an indictment being "quashed" but not "void." However, the language assumes an indictment returned by an ineligible grand juror is not void because a void because a void indictment would not be subject to being "quashed" – it would be void *ab initio*. Furthermore, the statute was established with the purpose of preserving indictments returned by ineligible grand jurors. A determination by this Court that the participation of an ineligible grand juror, as defined by subsection (c) of the code section, renders an indictment void would be logically inconsistent with the purpose and language of OCGA § 15-12-60 (d).

Based on the plain language of the statute, the rule described in *Dempsey* has since been superceded by statute to the extent that a grand juror's incompetency is based on OCGA § 15-12-60 (c). See *Woodard v. State*, 296 Ga. 803, 813 (3) (b) (771 SE2d 362) (2015) ("Under our Constitution and legal tradition, judges are supposed to apply the law enacted by the legislature based on what a statute says[.]" (citation omitted)). Accordingly, even though the State nolle prossed the original indictment

due to the incompetency of one grand juror and the trial court granted it, the original indictment itself was not rendered void.

Conversely, in response to the State's argument, Batten contends that OCGA § 15-12-60 (d) does not apply to this case because it became effective July 2015, which was after the offenses are alleged to have occurred, and would therefore have to be applied retroactively. We do not find this argument persuasive because the crucial date in this case is the date the original indictment was filed, not the date of the offenses. See *Brown v. State*, 322 Ga. App. 446, 449 n.4 (745 SE2d 699) (2013) ("A prosecution begins with the return of an indictment."). See also OCGA § 16-1-3 (14). Because OCGA § 15-12-60 (d) took effect before Batten's first indictment was issued on September 29, 2015, applying the statute to Batten's case would not be retroactive. See Ga. L. 2015, Act 98, § 1A-1, eff. July 1, 2015.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*