# Court of Appeals
# of the State of Georgia

ATLANTA, December 09, 2019

*The Court of Appeals hereby passes the following order:*

**A20D0176. OMAR JONES v. THE STATE.**

Omar Jones pleaded guilty to armed robbery and other charges in February 2018. In August 2019, Jones filed two pro se motions – a "Motion for State to Turn Over Name and Badge Number of Sworn Grand Jury Bailiff Who Handled Above Indictment" ("motion to disclose") and a motion to correct a void sentence. The trial court entered a single order denying both motions. Jones now seeks discretionary review of that ruling. We, however, lack jurisdiction.

"It is incumbent upon this Court to inquire into its own jurisdiction, even when not contested by the parties." *Massey v. State*, 350 Ga. App. 427, 427 (1) (827 SE2d 921) (2019) (punctuation omitted). In determining whether we have jurisdiction over the trial court's disposition of Jones's motions, we look to the substance of those motions. See *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997) ("[P]leadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature[.]").

*Motion to disclose.* It is clear from Jones's application brief that the purpose of his motion to disclose was to challenge the legitimacy of his indictment, which he argues was not delivered by a properly qualified bailiff. In essence, this is a challenge to the validity of Jones's convictions. See *Garza v. State*, 325 Ga. App. 505, 506 (1)

(753 SE2d 651) (2014) (arguments concerning grand jury irregularity are challenges to validity of conviction). However, our Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

*Motion to correct a void sentence.* Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, an appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Although Jones has not included a copy of his motion to correct a void sentence with his application materials, it appears from his application brief that his void-sentence argument is that his indictment was improper and therefore did not establish the trial court's jurisdiction over him. As with his motion to disclose, this is a challenge to the validity of Jones's convictions, not his sentence. See *Munye v. State*, 342 Ga. App. 680, 686-687 (1) (b) (803 SE2d 775) (2017) (argument that trial

court lacked jurisdiction over criminal defendant is a challenge to conviction, not sentence).

Because both of Jones's motions were, in substance, improper collateral attacks upon the validity of his convictions, the trial court's denial of those motions is not subject to appeal. See *Harper v. State*, 286 Ga. 216, 218 (1) and (2) (686 SE2d 786) (2009). Thus, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office, Atlanta,* __12/09/2019__
　　　*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
　　　*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*